**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| **CORINTH INVESTORS HOLDINGS, LLC D/B/A ATRIUM MEDICAL CENTER,** | § § § § | |
| *Plaintiff,* | § § | |
| **v.** | § § | **NO.  4:13-cv-00682** |
| **EVANSTON INSURANCE COMPANY AND HOMELAND INSURANCE COMPANY OF NEW YORK,** | § § § § § | |
| *Defendant.* | § § | |

<u>**DEFENDANT'S FIRST AMENDED ANSWER AND CROSS-CLAIM AGAINST EVANSTON INSURANCE COMPANY**</u>

TO THE HONORABLE COURT:

**COMES NOW**, Defendant Homeland Insurance Company of New York ("Homeland" or "Defendant"), and files this First Amended Answer to Plaintiff's First Amended Complaint and Cross-Claim against Evanston Insurance Company, and would respectfully show unto the Court as follows:

**I.**
<u>**DEFENDANT'S AMENDED ANSWER**</u>

<u>**PARTIES**</u>

1.    Defendant is without sufficient information to admit or deny the allegations made in Paragraph 1 of Plaintiff's First Amended Complaint.

2.    Defendant is without sufficient information to admit or deny the allegations made in Paragraph 2 of Plaintiff's First Amended Complaint.

3.      Defendant admits the allegations made in Paragraph 3 of Plaintiff's First Amended Complaint.

## JURISDICTION AND VENUE

4.      Defendant is without sufficient information to admit or deny the allegations made in Paragraph 4 of Plaintiff's First Amended Complaint.

5.      Defendant is without sufficient information to admit or deny the allegations made in Paragraph 5 of Plaintiff's First Amended Complaint.

## BACKGROUND

A.      **The Insurance Policies**

.

6.      Defendant is without sufficient information to admit or deny the allegations made in Paragraph 6 of Plaintiff's First Amended Complaint

7.      Defendant admits the allegations made in Paragraph 7 of Plaintiff's First Amended Complaint.

B.      **The Demand for Services**

8.      Defendant denies the allegations made in Paragraph 8 of Plaintiff's First Amended Complaint to the extent they are made on "information and belief" but otherwise admits the allegations in this paragraph.

9.      Defendant is without sufficient information to admit or deny the allegations in the first or second sentence of paragraph 9 of Plaintiff's First Amended Complaint.  Defendant denies the allegation in the third sentence of this paragraph that "no one at Atrium saw and read it prior to January 1, 2013" but is without sufficient information to admit or deny the other allegations in that sentence.  Defendant denies the allegations in the fourth and fifth sentences of this paragraph.

10. Defendant admits the allegations in the first sentence of paragraph 10 of Plaintiff's First Amended Complaint. Defendant admits that there is no date on the green card but is without sufficient information to admit or deny the other allegations in the second sentence of this paragraph. Defendant is without sufficient information to admit or deny the allegations in the remaining sentences in this paragraph.

11. Defendant is without sufficient information to admit or deny the allegations in paragraph 11 of Plaintiff's First Amended Complaint.

12. Defendant is without sufficient information to admit or deny the allegations in paragraph 12 of Plaintiff's First Amended Complaint.

**C.** **The Garrison's Lawsuit and Notice to the Defendants**

13. Defendant admits that the records in its possession indicate that Atrium was served with a lawsuit brought by the Garrisons, and admits that it denied coverage. Defendant denies the remaining allegations contained in Paragraph 13 of Plaintiff's First Amended Complaint.

**D.** **Defendants Deny Coverage, Misrepresenting the Law and the Policy in the Process**

   (i) EIC's Denial

14. Defendant is without sufficient information to admit or deny the allegations made in Paragraph 14 of Plaintiff's First Amended Complaint.

15. As to Paragraph 15 of Plaintiff's First Amended Complaint, Defendant admits that it claims that Atrium received the Demand for Services (as that term is defined by Atrium) during the EIC Policy Period. Defendant denies that Atrium is unable to determine when it may have received the Demand for Services and denies the allegation made in footnote

---

3.  Defendant is without sufficient information to admit or deny the remaining allegations made in this paragraph.

16.  Defendant is without sufficient information to admit or deny the allegations made in Paragraph 16 of Plaintiff's First Amended Complaint.

17.  Defendant is without sufficient information to admit or deny the allegations made in Paragraph 17 of Plaintiff's First Amended Complaint.

18.  Defendant is without sufficient information to admit or deny the allegations made in Paragraph 18 of Plaintiff's First Amended Complaint.

19.  Defendant is without sufficient information to admit or deny the allegations made in Paragraph 19 of Plaintiff's First Amended Complaint.

(ii)  HIC's Denial

20.  Defendant admits the allegations made in Paragraph 20 of Plaintiff's First Amended Complaint.

21.  Defendant admits that it recited the definition of "Claim" in its denial letter, but denies the remaining allegations contained in Paragraph 21 of Plaintiff's First Amended Complaint.

22.  As to the allegations contained in Paragraph 22 of Plaintiff's First Amended Complaint, the Lawsuit speaks for itself and Defendant thus neither admits nor denies Plaintiff's reiteration of the allegations in the Lawsuit.   Defendant denies the allegations in the last sentence of this paragraph.

23.   Defendant denies the allegations made in Paragraph 23 of Plaintiff's First Amended Complaint.

24.     Defendant denies the allegations made in the first sentence of Paragraph 24 of Plaintiff's First Amended Complaint.  As to the remaining allegations in this paragraph, the HIC Policy speaks for itself; however, Defendant admits the policy definitions are quoted by Plaintiff substantially as they appear in the Policy.

25.     As to the allegations contained in Paragraph 25 of Plaintiff's First Amended Complaint, Defendant denies the allegation in the first sentence of that paragraph.  To the extent Plaintiff quotes from the Demand for Services, the Demand for Services speaks for itself and Defendant thus neither admits nor denies those quotes.  Defendant denies all remaining allegations in this paragraph.

26.     Defendant denies the allegations made in Paragraph 26 of Plaintiff's First Amended Complaint.

**E.     Atrium Incurred Defense Costs in the Lawsuit and Made a Settlement Payment**

27.     Defendant denies the allegations made in Paragraph 27 of Plaintiff's First Amended Complaint, except that Defendant admits that it did not defend Atrium in the Lawsuit and that there was a mediation scheduled in the Lawsuit on March 7, 2014.

28.     Defendant admits that, upon information and belief, Plaintiff settled the Lawsuit but denies the remaining allegations made in Paragraph 28 of Plaintiff's First Amended Complaint.

## CAUSES OF ACTION

### COUNT I
### BREACH OF CONTRACT

29.     Defendant denies the allegations made in Paragraph 29 of Plaintiff's First Amended Complaint and denies Plaintiff is entitled to recover any damages from Defendant.

30.     Defendant denies the allegations made in Paragraph 30 of Plaintiff's First Amended Complaint.

## COUNT II
## BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING

31.     Defendant denies the allegations made in Paragraph 31 of Plaintiff's First Amended Complaint and denies Plaintiff is entitled to recover any damages from Defendant.

32.     Defendant denies the allegations made in Paragraph 32 of Plaintiff's First Amended Complaint.

## COUNT III
## VIOLATIONS OF TEX. INS. CODE CHAPTER 541

33.     Defendant denies the allegations made in Paragraph 33 of Plaintiff's First Amended Complaint.

34.     Defendant denies the allegations made in Paragraph 34 of Plaintiff's First Amended Complaint and denies Plaintiff is entitled to recover any damages from Defendant.

35.     Defendant denies the allegations made in Paragraph 35 of Plaintiff's First Amended Complaint.

36.     Defendant denies the allegations made in Paragraph 36 of Plaintiff's First Amended Complaint.

37.     Defendant denies the allegations made in Paragraph 37 of Plaintiff's First Amended Complaint and denies Plaintiff is entitled to recover any damages from Defendant.

38.     Defendant denies the allegations made in Paragraph 38 of Plaintiff's First Amended Complaint.

## COUNT IV
## VIOLATIONS OF TEX. INS. CODE CHAPTER 542

39.     Defendant denies the allegations made in Paragraph 39 of Plaintiff's First Amended Complaint.

40.     Defendant denies the allegations made in Paragraph 40 of Plaintiff's First Amended Complaint and denies Plaintiff is entitled to recover any damages from Defendant.

41.     Defendant denies the allegations made in Paragraph 41 of Plaintiff's First Amended Complaint.

## COUNT V
## PLAINTIFF'S INVOCATION OF ITS RIGHTS
## UNDER TEX. INS. CODE §§ 541.152, 542.058, AND 542.060

42.     Defendant denies the allegations made in Paragraph 42 of Plaintiff's First Amended Complaint and denies Plaintiff is entitled to recover any damages from Defendant.

43.     Defendant denies the allegations made in Paragraph 43 of Plaintiff's First Amended Complaint and denies Plaintiff is entitled to recover any damages from Defendant.

44.     Defendant denies the allegations made in Paragraph 44 of Plaintiff's First Amended Complaint and denies Plaintiff is entitled to recover any damages from Defendant.

45.     Defendant denies the allegations made in Paragraph 45 of Plaintiff's First Amended Complaint.

## COUNT VI
## TEXAS DECEPTIVE TRADE PRACTICES ACT VIOLATIONS

46.     Defendant denies the allegations made in Paragraph 46 of Plaintiff's First Amended Complaint and denies Plaintiff is entitled to recover any damages from Defendant.

47.     Defendant denies the allegations made in Paragraph 47 of Plaintiff's First Amended Complaint and denies Plaintiff is entitled to recover any damages from Defendant.

48.     Defendant denies the allegations made in Paragraph 48 of Plaintiff's First Amended Complaint.

## COUNT VII
## ATTORNEYS' FEES AND COSTS

49.     Defendant denies the allegations made in Paragraph 49 of Plaintiff's First Amended Complaint and denies Plaintiff is entitled to recover any damages from Defendant.

## COUNT IX
## ADDITIONAL AND EXEMPLARY DAMAGES

50.     Defendant denies the allegations made in Paragraph 50 of Plaintiff's First Amended Complaint and denies Plaintiff is entitled to recover any damages from Defendant.

## COUNT X
## DECLARATORY JUDGMENT

51.     Defendant denies the allegations made in Paragraph 51 of Plaintiff's First Amended Complaint, denies Plaintiff is entitled to recover any damages from Defendant and denies that Plaintiff is entitled to the declarations it seeks as to Defendant.

## JURY DEMAND

52.     Defendant is not required to admit or deny the allegations made in Paragraph 52 of Plaintiff's First Amended Complaint.

## II.
## AFFIRMATIVE DEFENSES

53.     By way of affirmative defense Homeland alleges that it has no duty to defend or indemnify Plaintiff in the Lawsuit because the Lawsuit does not fall within the terms of the Insuring Agreement of the Homeland Policy as set forth below:

I.      **INSURING AGREEMENTS**

        (A)     **Claims Made Professional Liability Insurance:**

> The Underwriter will pay up to the applicable Limit of Liability shown in ITEM 4.A of the Declarations on behalf of the **Insured** any **Loss** that the **Insured** is legally obligated to pay as a result of any covered **Claim** for a **Professional Services Wrongful Act** happening on or after the **Retroactive Date**, provided, that the **Claim** is first made against the **Insured** during the **Policy Period** or applicable Extended Reporting Period and reported to the Underwriter in accordance with GENERAL CONDITION (C) of this Policy.

54.   By way of affirmative defense Homeland alleges that it has no duty to defend or indemnify Plaintiff in the Lawsuit because the Garrisons' Chapter 74 letter, dated September 6, 2012 constitutes a "Claim" within the meaning of the Homeland Policy. The term "Claim" is defined in the policy to mean:

> [A]ny written notice received by an **Insured** that any person or entity intends to hold an **Insured** responsible for a Wrongful Act or Occurrence.

55.   By way of affirmative defense Homeland alleges that it has no duty to defend or indemnify Plaintiff in the Lawsuit because Plaintiff received the Garrisons' Chapter 74 letter, dated September 6, 2012, prior to inception of the Homeland Policy.

56.   By way of affirmative defense Homeland alleges that it has no duty to defend or indemnify Plaintiff in the Lawsuit because the Lawsuit falls within the following exclusion contained in the Homeland Policy:

> Except as otherwise expressly provided in this Policy, this Policy does not apply to, and the Underwriter will not pay **Loss** or **Defense Expenses,** for any **Claim** based upon, arising out of, directly or indirectly resulting from, in consequence of, or in any way involving any actual or alleged:
>
> (1)    act, error, omission or **Wrongful Act** if any **Insured**, on or before the Inception Date set forth in ITEM 2 of the Declarations, knew or reasonably could have foreseen that such act, error, omission or **Wrongful Act** might result in a **Claim.**

57.   By way of affirmative defense Homeland alleges that it has no duty to defend or indemnify Plaintiff in the Lawsuit because the employee who received notice of the Garrisons' Chapter 74 letter is an "Insured" as that term is defined in the Homeland Policy:

> (1)    The Named Insured;

(2)    Any **Employee** or **Volunteer**; but only when such **Employee** or **Volunteer** is acting within the capacity and scope of his or her duties as such…

58.    By way of affirmative defense Homeland alleges that it has no duty to defend or indemnify Plaintiff in the Lawsuit because Homeland has no control over the policies and procedures established by Plaintiff for the receipt of notice of a Claim, and no control over whether those policies and procedures are followed.

59.    By way of affirmative defense Homeland alleges that it has no duty to defend or indemnify Plaintiff in the Lawsuit because Plaintiff materially breached the Homeland Policy by failing to disclose the Garrisons' Chapter 74 claim prior to the issuance of the Homeland Policy.

60.    By way of affirmative defense Homeland alleges that it has no duty to defend or indemnify Plaintiff in the Lawsuit because Plaintiff judicially admitted, in its Original Complaint, that it received the Garrisons' Chapter 74 letter, dated September 6, 2012, on or about September 6, 2012, prior to inception of the Homeland Policy.

61.    By way of affirmative defense Homeland alleges that it has no duty to defend or indemnify Plaintiff in the Lawsuit because Plaintiff judicially admitted, in its Original Complaint, that it received the Garrisons' Chapter 74 letter, dated September 6, 2012, during the EIC policy period.

### III.
### CROSS-CLAIM AGAINST EVANSTON INSURANCE COMPANY

62.    Homeland denies all liability to Atrium in this suit and asserts this cross claim in the alternative to such denial of liability.

63.    In the unlikely event that the Court finds that Homeland had a duty to defend Atrium in the Garrison Lawsuit, Evanston Insurance Company ("Evanston") also had a duty to

defend Atrium in that suit.  In this event, Homeland and Evanston would owe a debt to Atrium that is joint and concurrent.

64.    If the Court finds that Homeland had a duty to defend Atrium in the Garrison Lawsuit and renders judgment against Homeland for reimbursement of Atrium's costs of defense, Homeland would be obligated to pay more than its fair share of a debt to Atrium that is equally and concurrently due and owed by Evanston.

65.    Under these circumstances, if the Court finds that Homeland had a duty to defend Atrium in the Garrison Lawsuit and renders judgment against Homeland for reimbursement of Atrium's costs of defense, Homeland is entitled to contractual and equitable contribution from Evanston for its share of such costs of defense.

66.    If the Court finds that Homeland had a duty to defend Atrium in the Garrison Lawsuit and renders judgment against Homeland for reimbursement of Atrium's costs of defense, Homeland additionally seeks reimbursement from Evanston for its share of such costs of defense by contractual and equitable subrogation because Homeland will have been obligated to paid a debt for which Evanston was liable in whole or part and which, in whole or part, should have been paid by Evanston.

**WHEREFORE, PREMISES CONSIDERED**, Defendant Homeland Insurance Company of New York prays that upon trial the Court:

A.    Enter judgment denying all relief requested by Plaintiff in its Original Complaint or any Complaint hereafter filed;

B.    Enter a declaration that Homeland has no duty to defend Plaintiff in the Lawsuit;

C.    Enter a declaration that Homeland has no duty to indemnify Plaintiff in the Lawsuit;

D.      Alternatively, in the event the Court finds that Homeland had a duty to defend Atrium in the Lawsuit, enter judgment against Evanston for its share of Atrium's costs of defense for which Homeland is liable;

E.      All such other and further relief to which Defendant Homeland may show itself justly entitled.

Respectfully submitted,

By: /s/LAUREN N. PIERCE_____
**R. BRENT COOPER**
State Bar No. 04783250
Brent.cooper@cooperscully.com
**LAUREN N. PIERCE**
State Bar No. 00784675
Lauren.pierce@cooperscully.com

**COOPER & SCULLY, P.C.**
100 Founders Square
900 Jackson Street, Suite 100
Dallas, TX  75202
Telephone:     214.712.9500
Facsimile:      214.712.9540

**ATTORNEYS FOR DEFENDANT
HOMELAND INSURANCE COMPANY
OF NEW YORK**

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 15th day of July, 2014, I electronically filed the foregoing

with the Clerk of Court using the CM/ECF system which will send notification of such filing to

the following:

Bobby M. Rubarts
Bart Sloan (Of Counsel)
**KONING RUBARTS LLP**
1700 Pacific Avenue, Suite 1890
Dallas TX 75201
*Attorneys for Plaintiff*

Marc J. Wojciechowski
**WOJCIECHOWSKI & ASSOCIATES, P.C.**
17447 Kuykehdahl Road, Suite 200
Spring TX 77379
*Attorney for Defendant Evanston Insurance Company*


/s/Lauren N. Pierce
**LAUREN N. PIERCE**