**NOT FOR PRINTED PUBLICATION**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| CORINTH INVESTORS HOLDINGS, LLC § <br> D/B/A ATRIUM MEDICAL CENTER, § <br> § <br> *Plaintiff*, § <br> § <br> v. § <br> § <br> EVANSTON INSURANCE COMPANY AND § <br> HOMELAND INSURANCE COMPANY OF § <br> NEW YORK, § <br> § <br> *Defendants.* § | | CASE NO. 4:13-CV-682 |

# ORDER ADOPTING REPORT AND RECOMMENDATION
# OF UNITED STATES MAGISTRATE JUDGE

On June 9, 2014, the United States Magistrate Judge issued his report and recommendation [Doc. #30], this matter having been referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636. The Magistrate Judge recommended that Plaintiff's Motion for Partial Summary Judgment [Doc. #9] be granted, Defendant Homeland Insurance Company of New York's Motion to Strike Plaintiff's Summary Judgment Evidence or In the Alternative Motion for Continuance Pursuant to FRCP 56(f) [Doc. #16] be granted, and Defendant Homeland Insurance Company of New York's Motion for Summary Judgment [Doc. #18] be denied.

This case involves a dispute over whether Homeland Insurance Company of New York ("HIC") has a duty to defend and indemnify Corinth Investors Holdings, LLC d/b/a Atrium Medical Center ("Atrium") in an underlying medical malpractice lawsuit filed by Robert and Jackie Garrison under the terms of a claims-made Healthcare Organizations and Providers

1

Professional Liability Policy, effective January 1, 2013 through January 1, 2014 (the "Policy"). In considering the cross-motions for summary judgment on the duty to defend, the Magistrate Judge concluded that HIC has a duty to defend Atrium in the underlying litigation.

On June 24, 2014, HIC filed its objections to the report and recommendation of the Magistrate Judge [Doc. #34]. On July 7, 2014, Atrium filed its response [Doc. #36].

HIC's first objection is that the Magistrate Judge should have considered extrinsic evidence to determine HIC's duty to defend. An insurer's duty to defend is determined by the application of the "eight-corners rule." *GuideOne Elite Ins. Co. v. Fielder Road Baptist Church*, 197 S.W.3d 305, 308 (Tex. 2006). "The rule takes its name from the fact that only two documents are ordinarily relevant to the determination of the duty to defend: the policy and the pleadings of the third-party claimant." *Id.* (citing *King v. Dallas Fire Ins. Co.*, 85 S.W.3d 185, 187 (Tex. 2002)). However, HIC relies on the Texas Supreme Court's guidance in *GuideOne*, in which the Texas Supreme Court recognized that if it was to recognize an exception to the strict eight-corners rule, it would be in limited circumstances, specifically "when it is initially impossible to discern whether coverage is potentially implicated and when the extrinsic evidence goes solely to a fundamental issue of coverage which does not overlap with the merits of or engage the truth or falsity of any facts alleged in the underlying case." *Indian Harbor Ins. Co. v. KB Lone Star, Inc.*, No. H-11-CV-1846, 2012 WL 3866858, at *5 (S.D. Tex. Sept. 5, 2012) (citing *GuideOne*, 197 S.W.3d at 308-09). HIC asserts that because its policy is a claims-made policy, whether timely notice was received by the insured is a fundamental issue of coverage. HIC argues that this issue is likely to be irrelevant to the underlying lawsuit, and likely to be absent from the pleadings. Thus, HIC contends that the Garrisons had no need to plead when notice was received by Atrium; they only had to plead when notice was sent. HIC argues that

this case is the poster child for the *GuideOne* exception, and that the Magistrate Judge should have considered extrinsic evidence.

The Magistrate Judge carefully considered the law applicable to an insurer's duty to defend, and the parties do not dispute that the Magistrate Judge correctly applied the eight-corners rule to this case. The Fifth Circuit has recognized that "Texas *strictly* follows the 'eight-corners rule,' meaning the duty to defend may *only* be determined by the facts alleged in the petition and the coverage provided in the policy." *Gilbane Bldg. Co. v. Admiral Ins. Co*., 664 F.3d 589, 596 (5th Cir. 2011) (emphasis added). "Courts may not… (1) read facts into the pleadings, (2) look outside the pleadings, or (3) imagine factual scenarios which might trigger coverage." *Gore Design Completions, Ltd. v. Hartford Fire Ins. Co*., 538 F.3d 365, 369 (5th Cir. 2008) (citing *Guar. Nat'l Ins. Co. v. Azrock Indus*., 211 F.3d 239, 243 (5th Cir. 2000)). However, the Magistrate Judge also acknowledged that some courts have recognized an exception to this rule, and described the *GuideOne* exception argued by HIC [Doc. #30 at 14-15]. The Magistrate Judge concluded, after acknowledging and considering the exception, that extrinsic evidence should not be considered because "the Court *is* able to determine from an eight-corners analysis of the underlying petition and Policy that the claim is at least potentially covered, and any doubts regarding the duty to defend should be construed in favor of the insured." *Id*. at 15. Thus, there was no need for the Magistrate Judge to go on to consider the second prong of the exception, which is whether the coverage issues and merits of the underlying case overlapped, and he did not make any findings in this regard.

Further, it would be inappropriate for the court to use extrinsic evidence to negate coverage that has already been established by the application of the eight-corners rule.

> If the pleading alleges insufficient facts [sic] bring the claim within the scope of coverage, then extrinsic facts are appropriate. For example, a court may examine

3

> extrinsic evidence to determine whether the party seeking a defense is an insured under the policy when the pleading does not contain sufficient allegations to allow the court to make that determination… If, however, the allegations in the underlying pleading bring the claim within the scope of coverage, it is inappropriate to consider extrinsic evidence to decide if an exclusion applies…("[T]here is no case in Texas or this Circuit that has ever applied any exception to allow extrinsic evidence where the insurer submits the petition in the underlying suit that does not allege facts sufficient to enable the court to determine whether certain exclusions apply, as distinct from and after the initial inquiry to determine whether coverage is potentially implicated.")… Under no circumstances may a court consider extrinsic evidence that contradicts the allegations contained in a pleading against the insured.

*Liberty Surplus Ins. Corp. v. Allied Waste Sys., Inc.*, 758 F. Supp. 2d 414, 427 (S.D. Tex. 2010) (internal citations omitted).

This court agrees that if the court were to apply this exception to the eight-corners rule, extrinsic evidence would only be admissible if it were impossible to make a coverage determination after first applying the eight-corners rule. Because in this case it is possible to make a coverage determination within the boundaries of the eight-corners rule, extrinsic evidence is not admissible. HIC's objection is overruled.

HIC next objects to the Magistrate Judge's failure to find that the summary judgment evidence provided by HIC conclusively proves the claim was first made before the policy period. However, because the court has determined that extrinsic evidence would not be admissible to determine coverage in this case, it is not necessary to consider this objection and it is overruled.[1]

The court has conducted a *de novo* review of the objections in relation to the pleadings and applicable law. After careful consideration, the court concludes HIC's objections are without merit and are, therefore, overruled.

---

[1] If the court were to consider the objection, the court agrees with Atrium that a statement made "on information and belief" in a pleading does not constitute a binding judicial admission. The court further agrees that it would not be appropriate for the court to infer when HIC received the notice based on consideration of extrinsic evidence. It would be appropriate for the court to make such an inference based upon the allegations in the underlying pleadings, but there are no allegations in this case from which the court may make the inference suggested by HIC. So for these additional reasons, HIC's objection is overruled.

4

HIC also moves for continuance of the motion for summary judgment and motion for leave to conduct additional discovery and supplement the summary judgment record. However, its argument in this motion is based solely on this court finding that extrinsic evidence should be considered, but finding that HIC's evidence is somehow deficient to prove or raise a fact issue as to when Atrium first received notice of the Garrison claim. Instead, the court agrees with the Magistrate Judge that it would not be appropriate to consider extrinsic evidence in this case. Thus, the court finds this motion is denied as moot.

It is therefore **ORDERED** that the Report and Recommendation of United States Magistrate Judge [Doc. #30] is adopted. Accordingly, Plaintiff's Motion for Partial Summary Judgment [Doc. #9] is **GRANTED**, Defendant Homeland Insurance Company of New York's Motion to Strike Plaintiff's Summary Judgment Evidence or In the Alternative Motion for Continuance Pursuant to FRCP 56(f) [Doc. #16] is **GRANTED**, and Defendant Homeland Insurance Company of New York's Motion for Summary Judgment [Doc. #18] is **DENIED**.

It is further **ORDERED** that Defendant Homeland Insurance Company of New York's Motion for Continuance of Motion for Summary Judgment and Motion for Leave to Supplement Summary Judgment Record [Doc. #33] is **DENIED** as moot.

**So ordered and signed on**

**Aug 24, 2014**

_____
Ron Clark, United States District Judge